UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NAJAH AZIZ,

                Plaintiff,                Civil Action No. 19-11492
                                            Honorable Robert H. Cleland
v.                                             Magistrate Judge David R. Grand

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISMISS PLAINTIFF'S COMPLAINT [1] FOR FAILURE TO PROSECUTE

**I.    RECOMMENDATION**

Plaintiff Najah Aziz ("Aziz") brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration denying her claim for benefits. (ECF No. 1.) Having failed to: (1) complete service of the complaint, SUM 285 Forms and summonses for each defendant; (2) show cause in writing as to why this case should not be dismissed, the Court RECOMMENDS that the complaint be DISMISSED for failure to prosecute.

**II.    REPORT**

    **A.    Background**

Aziz commenced this action on May 21, 2019. (ECF No. 1.) Concurrent with the filing of the complaint, she also submitted an application to proceed without the prepayment of fees or costs ("in forma pauperis" or "IFP application"). (ECF No. 2.) On May 29, 2019, the Court granted her IFP application. (ECF No. 6.) On June 21, 2019, the Court issued an Order directing plaintiff to complete documents for service of process by the U.S. Marshal. (ECF No. 8.) Because Aziz did not do so, on September 24, 2019, the Court issued an Order to Show

Cause giving Aziz fourteen days to comply with the Court's June 21, 2019 Order. (ECF No. 9.) On October 15, 2019, the Post Office returned the Order to Show Cause as undeliverable to Aziz's last known address. (ECF No. 10.) The docket contains no other entries, and Aziz has not complied with the Order to Show Cause.

**B.     Legal Standard**

If a plaintiff fails to prosecute an action, it can be dismissed either pursuant to the Court's inherent power to control its docket or involuntarily under Fed.R.Civ.P. 41(b). *Link v. Wabash R. Co.*, 370 U.S. 626, 629-32 (1962). The authority to dismiss a plaintiff's case for failure to prosecute is available to the district court "as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T*, 176 F.3d 359, 363 (6th Cir. 1999)). "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629.

The Sixth Circuit has established a four-factor test to determine whether a case should be dismissed for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). *Knoll*, 176 F.3d at 363. Those factors are: "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." *Id.*

**C.     Analysis**

With respect to the first factor, Aziz's failure to respond to the Court's June 21, 2019 Order and/or update her address information with the court clerk is certainly her own fault.

*Morley v. Comm'r of Soc. Sec.*, No. 12-14653, 2013 U.S. Dist. LEXIS 68040, at *3 (E.D. Mich. May 14, 2013).  The Court's June 21, 2019 Order directing Aziz to complete service of process documents was not returned to the Court, and although the subsequent Order to Show Cause was returned to the Court, it was Aziz's responsibility to notify the Court Clerk of any address change.  Indeed, Aziz was so advised in writing on May 28, 2019.  (ECF No. 5.)

As to the second factor, there is little prejudice to the Commissioner, as Aziz's failure simply results in a delay in the litigation.  The third and fourth factors weigh heavily in favor of dismissal, as the undersigned gave Aziz a clear warning that the case would be dismissed if she did not take the appropriate measures or respond to this Court's show cause order.  (ECF No. 9.)  Under these circumstances, "dismissal is the only appropriate remedy" because Aziz "has effectively abandoned the case."  *See Morley,* 2013 U.S. Dist. LEXIS 68040, at *3.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Aziz's complaint **(ECF No. 1.)** be **DISMISSED** for failure to prosecute.

Dated: November 6, 2019                                  s/David R. Grand
Ann Arbor, Michigan                                      DAVID R. GRAND
                                                         United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail

3

to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email and First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 6, 2019.

s/Eddrey O. Butts  
EDDREY O. BUTTS  
Case Manager